**Opinion filed May 22, 2025**



## In The

# Eleventh Court of Appeals

_____

## No. 11-23-00217-CR

_____

## DAVID MARSHALL, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 42nd District Court**
**Taylor County, Texas**
**Trial Court Cause No. 29817-A**

### M E M O R A N D U M   O P I N I O N

Appellant, David Marshall, was convicted by a jury of robbery, a second-degree felony, and the jury assessed Appellant's punishment at imprisonment for sixteen years in the Institutional Division of the Texas Department of Criminal Justice. *See* TEX. PENAL CODE ANN. §§ 12.42, 29.02 (West 2019). Because we agree with Appellant's court-appointed counsel that there are no arguable issues to

present on appeal, we affirm. *See Anders v. California*, 386 U.S. 738 (1967); *In re Schulman*, 252 S.W.3d 403, 406–09 (Tex. Crim. App. 2008).

The evidence presented at trial demonstrates that Appellant and his mother, Tommye Lynn Marshall[1], got into an argument outside Marshall's apartment. As Appellant became increasingly upset, he pulled out a knife, and told Marshall two or three times, "I'll cut you, b---h." He then pushed Marshall to the ground, got on top of her, and forcefully took her car key from her pocket. When Marshall's neighbor, Gordon Williamson, heard Marshall screaming for help, he came outside and saw Marshall on the ground "being attacked" by Appellant. As Williamson attempted to pull Appellant off Marshall, Appellant began scratching Williamson's arm and face, then fled in Marshall's vehicle. Several days later, Appellant was found in Marshall's stolen vehicle in San Bernadino County, California.

After the State rested its case-in-chief, Appellant testified. He admitted to "being belligerent like [Marshall] said," then brandishing the knife "for a minute, two maybe, and flipped it back shut" before he approached Marshall and pushed her to the ground. Appellant agreed that he took Marshall's phone, but "wasn't trying to take it to keep it or steal it; [he] was just trying to keep her from using it." Appellant told the jury that he decided to take his mother's vehicle when Williamson "tackled [him] and [they] scuffled." He continued driving because he "had it in [his] head that [he] had people chasing [him]," and threw Marshall's phone in a dumpster because he "was afraid of being followed." Finally, Appellant acknowledged that he was convicted of and sentenced to imprisonment for eight years for committing burglary of a habitation in 2016 and was on parole when he took his mother's phone and vehicle.

---

[1] To avoid confusion, we will only use Appellant's and his mother's shared last name when referring to Tommye Lynn Marshall, and refer to David Marshall as "Appellant."

The trial court granted Appellant's requested lesser-included offense instruction in the jury charge that permitted the jury to find him guilty of assault by threat, a Class A misdemeanor. *See* PENAL § 22.01(a)(2), (b); TEX. CODE CRIM. PROC. ANN. art. 37.09 (West 2006). The jury found Appellant guilty of robbery as alleged in Count Two of the indictment.[2] During the punishment phase of trial, Appellant pleaded "true" to the enhancement allegation, and the jury assessed a sixteen-year term of imprisonment. *See* PENAL § 12.42. The trial court sentenced Appellant accordingly.

Appellant's court-appointed counsel has filed a motion to withdraw and supporting brief in which he assures this court that, after conducting a professional evaluation of the record and applicable law, there are no arguable issues to present on appeal. *See Anders*, 386 U.S. 738; *Schulman*, 252 S.W.3d at 406–09. Counsel further certifies that he provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a pro se form motion to access the appellate record. Counsel also advised Appellant of his right to review the record and file a response to counsel's brief, and of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 68; *Anders*, 386 U.S. at 742–44; *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *Schulman*, 252 S.W.3d at 409–12; *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991). Appellant has not filed a pro se response to counsel's *Anders* brief. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and likewise

---

[2]Count One of the indictment alleged that Appellant committed aggravated robbery by using and exhibiting the knife as a deadly weapon against Marshall. *See* PENAL § 29.03. The jury acquitted him of that offense.

conclude that no arguable grounds for appeal exist.[3] *See Anders*, 386 U.S. at 744; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 & n.6 (Tex. Crim. App. 2005).

Accordingly, we grant counsel's motion to withdraw and affirm the judgment of the trial court.

JOHN M. BAILEY

CHIEF JUSTICE

May 22, 2025

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[3]We note that Appellant has the right to file a petition for discretionary review of our decision with the Court of Criminal Appeals. *See* TEX. R. APP. P. 68.